PER CURIAM.
This cause is before us on petition for writ of certiorari seeking review of the order of the Full Commission which affirmed the deputy’s order awarding compensation.
The deputy found claimant sustained a compensable accident resulting in a twenty per cent (20%) permanent partial disability and apportioned the award, ten per cent (10%) to the pre-existing heart disease.
The employer-carrier contends (1) there is no competent substantial evidence to support findings that respondent suffered an injury by accident and (2) that the finding respondent suffered a loss of wage earning capacity is -contrary to the law and without foundation in the record. In view of our holding on the second point it is not necessary to discuss claimant’s first point.
The evidence is undisputed that, prior to the accident, claimant was paid a salary of $100.00 per week. Following his return to work after the accident and for the period of approximately three years between his return to work and the last hearing in the case claimant obtained various jobs on the open market paying $90.00 to $100.00 per week. At the time of the hearing he was employed at $100.00 per week as the manager of a paint and body shop. This is not a “sheltered employment” case.
Absent unusual circumstances, the sustained work record of earnings, substantially equivalent to that received prior to the accident, necessitates a finding of no permanent disability. Under F.S. § 440.02 (9), F.S.A. disability is defined as “incapacity because of an injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.”
In view of the foregoing the order of the Full Commission is quashed with directions to vacate the order of the deputy commissioner and remand the cause for entry of an order denying compensation.
THORNAL, C. J., O’CONNELL, CALDWELL and ERVIN, JJ., and KANNER, Circuit Judge, concur.